IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FERNANDO LOPEZ,

    Petitioner,

v.                                                        No. 1:22-cv-00815-KWR-GJF

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court on Petitioner Fernando Lopez's Response to the Court's Memorandum Opinion and Order to Show Cause, which required Petitioner to show why this case should not be dismissed for failure to file his 28 U.S.C. § 2254 habeas petition within the one-year limitation period. (Doc. 4 the "Response"); (Doc. 3 the "Screening MOO"). In the Response, Lopez claims that his Petition is untimely because he was unfamiliar with his legal rights, and he did not have the assistance of counsel. Having reviewed the Response, the Court concludes that Lopez has failed to demonstrate grounds for equitable tolling. This case will therefore be **DISMISSED WITH PREJUDICE.**

### PROCEDURAL BACKGROUND[1]

In 2011, a jury found Lopez guilty of first-degree murder. Case No. D-503-CR-2009-00264*,* Amended Judgment/Order (10/8/2013). The state trial court sentenced him to life

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Lopez's state court criminal dockets, Case No. D-503-CR-2009-00264; S-1-SC-39569. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

imprisonment and enhanced his sentence by one year pursuant to the firearm enhancement statute. *Id.*, Judgment/Sentence/Commitment (7/12/2011). Lopez filed a direct appeal in the New Mexico Supreme Court, which affirmed his conviction but remanded the case to state court with instructions to remove the one-year firearm enhancement from the sentence. *Id.*, Mandate (7/13/2013). The state trial court entered its Corrected Judgment, Order, and Commitment to the Corrections Department on October 8, 2013, sentencing Lopez to a term of life imprisonment. *Id.*, Amended Judgment/Order (10/8/2013). The state dockets reflect Lopez did not appeal October 8, 2013, Corrected Judgment, which therefore became final thirty days later, on November 7, 2013. *See* NMSA 1978, § 39-3-3(A)(1) (providing a defendant in a criminal proceeding in district court may take an appeal to the NMCA or New Mexico Supreme Court within thirty days from the entry of any final judgment); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining that a state court judgment becomes final when the time for seeking direct review expires).

Over eight years later, Lopez filed a state habeas petition in the state trial court on June 7, 2022. *Id.*, Habeas Corpus Petition (6/7/2022). The state trial court denied the petition on July 29, 2022. *Id.*, CLS Petition Denied (7/29/2022). Lopez commenced an action seeking a writ of certiorari from the New Mexico Supreme Court (NMSC) on August 10, 2022. *See* Case No. S-1-SC-39569. The NMSC denied Lopez's petition for a writ of certiorari on October 18, 2022. *See id.*, Order Denying Petition (10/18/2022).

Lopez filed his § 2254 Petition in this Court on October 31, 2022. (Doc. 1). The Court reviewed the Petition pursuant to Habeas Corpus Rule 4 and entered the Screening MOO on April 21, 2023. The reasoning and analysis in the Court's Screening MOO is incorporated herein by reference. The Court allowed Lopez to file a response addressing the time bar and to elaborate on an actual innocence claim if he intended to pursue one. information about his actual innocence

(Doc. 3 at 3-4). The Response followed. Lopez concedes the correctness of the Court's analysis of the limitations period based on the finality of the criminal judgment. He claims, however, that he was previously not aware of his rights, did not know how the law worked, and he did not have assistance from counsel. (Doc. 4 at 1). He also addresses the merits of his habeas claim—namely that he deserves a new trial based, primarily, on alleged unlawful police tactics preceding the trial. He does not raise, and therefore forgoes, an actual innocence claim.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief … , the judge must dismiss the petition." Habeas Corpus Rule 4. "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...." *Id.* "[D]istrict courts are permitted ... to consider, sua sponte, the timeliness of a ... habeas petition" as part of the initial review process. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

A 1-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

It is established that Lopez filed his petition more than one year after the judgment became

final, such that subsection (A) does not apply. Lopez does not contend that state action prevented him from filing a habeas petition under subsection (B), invoke a new constitutional right under subsection (C), or claim to have newly discovered evidence under subsection (D). (See Doc. 4). Instead, Lopez appears to seek equitable tolling based on his unfamiliarity with the law and lack of competent legal counsel.

Equitable tolling may available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). But "equitable tolling is limited to rare and exceptional circumstances." *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). "Ignorance of the law, even for an incarcerated pro se petitioner," does not justify equitable tolling. *Marsh*, 223 F.3d at 1220; *Gunderson v. Abott*, 172 F. App'x 806, 810 (10th Cir. 2006) (same) *accord Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (recognizing that unfamiliarity with the English language does not toll limitations period); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (holding that ignorance of the statute of limitations does not justify equitable tolling). An inability to obtain legal counsel also does not justify equitable tolling. *See Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2019) ("[A] petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling."); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) ("The inability to hire an attorney ... will not excuse an untimely habeas petition because there is no right to counsel in habeas proceedings."); *Berry v. Ray*, 229 F. App'x 697, 700 (10th Cir. 2007) (rejecting an equitable tolling argument based on the petitioner's inability to find adequate appellate counsel).

As Lopez's reasons for seeking to avoid the statute of limitations are established as inadequate grounds for equitable tolling, his Response does not establish that the Petition should

be accepted as timely. The Court declines therefore to address the merits of his habeas claim.

For the foregoing reasons, and for the reasons set forth in the Court's screening MOO (Doc. 3), the Petition (Doc. 1) is untimely, and the Response (Doc. 4) has not overcome the time bar. As this conclusion is not reasonably debatable, the Court will deny a certificate of appealability under Habeas Corpus Rule 11. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Fernando Lopez's 28 U.S.C. § 2254 Habeas Corpus Petition (**Doc. 1**) is **DISMISSED WITH PREJUDICE**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing this case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**